## CHILDS *v.* STATE.*

(Division B. April 11, 1927.)

[112 So. 23. No. 26260.]

1. CRIMINAL LAW. *Denying continuance to procure witness who would testify to material facts held erroneous, where due diligence was shown and evidence was not cumulative.*

In prosecution for manslaughter, denial of continuance on ground of absence of witness, who would have testified that deceased was advancing on defendant with an iron bar in his hand at time fatal shot was fired *held* erroneous, in view of fact that defendant had exercised due diligence in attempting to secure presence of witness and that testimony was not cumulative, but rather corroborative of that of his infant son.

2. CRIMINAL LAW.   *Reading testimony from application for continuance held not to cure error in trying case in witness' absence.*

Mere reading to jury from application for continuance testimony that absent witness would have testified to if present *held* not to cure error of court in trying case in absence of such witness.

3. CRIMINAL LAW.   *Denying continuance to secure witness to recent threats by deceased held erroneous, where proof as to who was aggressor was conflicting.*

Where there was a sharp conflict in prosecution for manslaughter in proof as to who was the aggressor, denial of continuance to secure presence of witness who would have testified to recent threats made by deceased *held* erroneous, where defendant had exercised due diligence to secure such witness who was within jurisdiction of court.

---

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 459, n. 89; p. 460, n. 14; p. 465, n. 62; p. 472, n. 57.  On right to continuance to secure absent witness, see 6 R. C. L. 556; 2 R. C. L. Supp. 154; 4 R. C. L. Supp. 425; 5 R. C. L. Supp. 355.

APPEAL from circuit court of Tippah county.

HON. T. E. PEGRAM, Judge.

Jake Childs was convicted of manslaughter, and he appeals.  Reversed and remanded.

*Fred B. Smith,* for appellant.

*The court committed error in overruling appellant's application for a continuance.*  A defendant has the right to have his material witnesses present in court in person, where proper diligence has been shown; and the admission that if the witness were present, he would testify to certain facts, is not sufficient.  See *Scott* v. *State,* 80 Miss. 197; *Watson* v. *State,* 81 Miss. 701; *Caldwell* v. *State,* 85 Miss. 384; *Walker* v. *State,* 129 Miss. 449, 92 So. 580.

*Geo. T. Mitchell* and *Rufus Creekmore,* Assistant Attorney-General, for the state.

*The application for a continuance.*  The granting of a continuance is in the sound discretion of the trial judge.

Unless the court can say that this discretion has been abused, then it should not be interfered with by this court on appeal. Section 567, Hemingway's Code (section 784, Code of 1906); *Solomon* v. *State,* 71 Miss. 567, 14 So. 461; *Lipscomb* v. *State,* 92 Miss. 70, 45 So. 146; *Ware* v. *State,* 133 Miss. 389, 98 So. 229; *Williams* v. *State,* 92 Miss. 70, 45 So. 146; *Cox* v. *State,* 138 Miss. 370, 103 So. 129.

The testimony of witness Crum then in all respects was merely cumulative and as such, under the unbroken line of authorities in this state, the defendant was not entitled to a continuance because of the absence of this witness. *Nelms* v. *State,* 58 Miss. 362; *Wells* v. *State,* 18 So. 117.; *Trim* v. *State,* 33 So. 718; *Richburger* v. *State,* 90 Miss. 806, 44 So. 772.

The district attorney admitted that witness Edwards if he were present would testify to certain facts and this statement of facts on the trial of the cause was by counsel for defendant read to the jury and used by them. This testimony of the defendant was denied in no respect by any witness for the state whatsoever, but on the contrary was apparently accepted and conceded as being true.

An analysis of the cases relied on by the defendant shows them not to be authority for the contention urged by him. Defendant has been prejudged in no wise by his failure to have the witness present. He has obtained every advantage that he would have had if the witness had testified on the trial of the cause.

Argued orally by *Fred B. Smith,* for appellant, and *Rufus Creekmore,* Assistant Attorney-General, for the state.

Holden, P. J., delivered the opinion of the court.

Jake Childs appeals from a conviction of manslaughter and a sentence of ten years in the penitentiary.

Appellant shot and killed Sam Mauney during a diffi-culty between the two at a little country store east of Ripley.

Briefly told, the two men became angry with each other, and deceased, Mauney, picked up an iron bar, and with it in his hand advanced upon appellant, who retreated, and, while the deceased was advancing upon appellant, who had reached a place where he could retreat no far-ther, appellant shot and killed Mauney.

There is a conflict in the evidence as to whether the deceased had the iron bar in his hand and was advanc-ing upon the appellant at the time the fatal shot was fired; the testimony was also in dispute as to who was the aggressor in the difficulty.

The appellant urges a reversal upon several grounds, but we shall notice only two of them which will result in a reversal, and the other questions may not arise again on a new trial.

It is contended that the court erred in overruling ap-pellant's application for a continuance, which was asked upon the ground of the absence of the witnesses Crum and Edwards, who would testify to material facts which the defendant could not prove by any other witnesses. The application shows that these witnesses were within the jurisdiction of the court, and that due diligence by the defendant had been exercised in making every rea-sonable effort to obtain the presence of these witnesses. All manner of process was secured in an effort to have these witnesses present at the trial, but they could not be found in time to testify in the case.

The homicide took place on Friday; the indictment was found on the following Monday; the arraignment had the next day; and preparation for the trial by the court was begun at once; and the defendant was put on trial on the next Friday, about four days after the indict-ment was found.

Counsel for defendant repeatedly asked for a continu-ance so as to secure the witnesses Crum and Edwards to

testify on behalf of the defendant, but these requests were, by the court, denied, to which action appellant excepted.

The witness Crum would have testified, if present, that the deceased, with an iron bar in his hand, was advancing upon the appellant, while appellant was retreating, and that the fatal shot was fired while the iron bar was still in the hand of the deceased, and that, when appellant could retreat no farther, he fired.

It will be observed that this was very important and vital testimony for the defendant, and the mere reading to the jury from the application, and the admission that this witness, if present, would have so testified, would not cure the error of the court in trying the case, in the absence of this witness, if the testimony was not cumulative as is contended here by the attorney-general's office.

We do not think the testimony of the witness Crum would have been cumulative, because no other witnesses testified to the fact that the deceased had an iron bar in his hand and was advancing upon the appellant at the time the fatal shot was fired, except the defendant himself, and his ten-year-old son, who testified to this fact. The fact was in dispute, some of the witnesses saying they did not see the iron bar in deceased's hands at the time the shot was fired, and other witnesses testifying, doubtfully and negatively, that the deceased did not have a bar in his hands when he was shot. So the appellant could not prove this very important fact by any one except himself and his ten-year-old son; both of the latter being materially interested in the case.

It is our opinion, moreover, that the testimony of the witness Crum, who was a disinterested person, could not be considered cumulative under the circumstances, for we think that, instead of Crum's testimony being cumulative, it would have been strictly corroborative of the testimony of appellant and his infant son.

But whether we say it was corroborative, or additional proof of the fact sworn to by the appellant and his son, and in this sense was cumulative, can make no difference, as we see it, because, in no view, do we think the testimony of Crum would have been useless or unnecessary as being cumulative; it was valuable testimony. Therefore the court erred in putting the appellant to trial without the witness Crum.

As to the witness Edwards, who would have testified to a recent threat made by the deceased against the appellant, we do not find in the record anywhere that the appellant could have made this proof by any other witness. Reading to the jury what this witness would have testified to if present, was not sufficient and did not meet the requirement that a defendant is entitled to have his witnesses present and testify in person.

This case being one in which there is a sharp conflict in the proof as to who was the aggressor, the testimony of Edwards as to the threat made by the deceased was highly important to the defendant, and we think the court erred in not granting the appellant time in which to secure the presence of the witness.

For the two errors committed, the judgment of the lower court must be reversed. There are some other serious questions in the case, but we omit the decision of any of them except the two named.

The judgment of the lower court is reversed and the case remanded.

*Reversed and remanded.*